IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


RAYMOND THRIST,                                                                          PLAINTIFF


v.                                      Case No. 1:06-cv-1092


MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                   DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Raymond Thrist, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying his claims for a period of disability, disability insurance benefits (DIB), under the provisions

of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under

the provisions of Title XVI of the Social Security Act (Act).

## 1. Procedural Background:

Plaintiff filed his applications for DIB and SSI on August 10, 2004, alleging an onset date

of January 5, 2002. (Tr. 51A-51C, 225-229).[2]  Plaintiff filed a prior claim for disability benefits on

August 18, 2001, which was denied by a decision of an Administrative Law Judge (ALJ) on

September 9, 2003. (Tr. 13).  Plaintiff's request for review of that ALJ's decision was denied by the

Appeals Council on November 4, 2003, and Plaintiff did not seek any further review. (Tr. 13).  The

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

ALJ in this case found no basis for reopening the prior decision, and therefore found the doctrine

of *res judicata* applied to the time period on and before September 9, 2003. (Tr. 13). Plaintiff's

impairments included back pain, arthritis, and depression. (Tr. 74). Plaintiff's applications were

denied initially and on reconsideration. (Tr. 30-51, 230-235). Pursuant to Plaintiff's request, a

hearing before an ALJ was held on December 21, 2005. The Plaintiff was present and represented

by counsel, Denver Thornton, at the hearing. Also testifying was Plaintiff's spouse and Dianne

Smith, a vocational expert (VE). (Tr. 236-263). After considering all of the evidence of record, the

ALJ rendered a decision on April 28, 2006, finding Plaintiff was not disabled within meaning of the

Act at anytime during the relevant time period. (Tr. 13-21). The decision of the ALJ became the

final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review

on September 1, 2006. (Tr. 4-6).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)©. A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final

stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3.  Discussion:

The Plaintiff appealed the decision of the Commissioner finding him not disabled. He claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ ignored Plaintiff's obesity; the ALJ failed to consider Plaintiff's impairments in combination; the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); the ALJ made an improper evaluation of corroborating lay witness testimony; and the ALJ presented a flawed hypothetical question to the VE.  The Defendant argues the record fails to demonstrate an impairment of obesity; the ALJ considered the combined effect of Plaintiff's impairments;  the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski*; the ALJ gave proper consideration to lay witness testimony; and the ALJ obtained proper VE testimony.

#### A. Obesity

Plaintiff argues the ALJ erred by not finding an impairment of obesity.  However, the record evidence does not support this argument.  Plaintiff failed to list obesity as a claimed impairment in his application for disability benefits. (Tr. 74).  Plaintiff did not testify to an impairment of obesity during the administrative hearing.  (Tr. 236-263).  Also, there is no diagnosis of obesity in any medical record of Plaintiff.  An ALJ is not obligated to investigate a claim not presented at the time of application for benefits and not offered at the administrative hearing as a basis for disability.  *See Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).  *See also Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995) (claimant did not allege in application or at hearing that obesity was disabling).

**B.  Consideration of Impairments In Combination**

Plaintiff argues the ALJ erred by not considering the combined effects of Plaintiff's impairments.  The ALJ is required to consider the combined effect of all the Plaintiff's impairments without regard to whether any such impairment, if considered separately, would be of such sufficient severity.  *See* 41 U.S.C. § 423(d)(2)(B).  I find the ALJ did consider the combined effect of Plaintiff's impairments.

The ALJ found Plaintiff had impairments of degenerative disc disease, borderline intellectual functioning, depressive disorder, reading disorder, math disorder, and disorder of written expression. (Tr. 14).  The ALJ reached the decision that Plaintiff was not disabled by the combination of his impairments only after careful consideration of the entire record and an evaluation of the combined effect of his impairments.  (Tr. 13-20).  The ALJ found Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, to Subpart P, Regulations No. 4 and No. 16.  (Tr. 19).  This analysis establishes the ALJ considered the combined effect of Plaintiff's impairments.  *See Hajek v. Shalala*, 30 F.3rd 89, 92 (8th Cir. 1994).

**C. *Polaski* Analysis**

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credibility.  The Plaintiff asserts the ALJ performed an improper *Polaski* evaluation.  The Defendant argues there is substantial evidence in the record to support the ALJ's credibility determination.

 In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529

and 20 C.F.R. § 416.429.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  These factors, which

provide as follows, must be analyzed and considered in light of the claimant's subjective complaints

of pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3)

the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of

medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The ALJ is not required

to methodically discuss each factor as long as the ALJ acknowledges and examines these factors

prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72

(8th Cir. 2000).  Furthermore, an ALJ's credibility determination is generally entitled to deference.

*See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007).  As long

as the ALJ properly applies these five factors and gives several valid reasons for his or her finding

that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination

is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ,

however, cannot discount Plaintiff's subjective complaints "solely because the objective medical

evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

determination, articulating the reasons for discrediting the testimony, addressing any

inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In this case, the ALJ did not simply discredit Plaintiff's subjective complaints without explanation. The ALJ properly applied the factors enumerated in *Polaski*, and determined based upon the record as a whole, that Plaintiff's complaints were not credible to the extent alleged.

The ALJ discussed Plaintiff's normal daily activities being inconsistent with his subjective allegations of pain.  (Tr. 14).  The ALJ found Plaintiff's restricted pattern of daily living to be inconsistent with the medical findings.  The ALJ found Plaintiff's limitations to be  more on a self-imposed than as a result of any functional restrictions due to his impairments.  (Tr. 14).

The ALJ discussed the frequency, intensity and duration of Plaintiff's pain.  The ALJ found the symptomatology of Plaintiff's complaints would not more than minimally affect Plaintiff's ability to carry on gainful activity.  Further, the ALJ found that no physician reported a level of functional restriction consistent with Plaintiff's complaints.  (Tr. 15).

The ALJ discussed the medications used  by Plaintiff and concluded  Plaintiff had not been prescribed extensive pain medication.  The ALJ also determined the medications had been effective in controlling Plaintiff's symptomatology.  (Tr. 15).  The ALJ properly found the lack of need for prescription strength pain relief medication, on no more than an occasional basis, inconsistent with Plaintiff's subjective complaints.  *See Curran-Kicksey v. Barnhart*, 315 F.3d 964, 969 (8th Cir. 2003).

The ALJ also conducted a review of Plaintiff's relevant medical records and found a  lack of objective evidence supporting Plaintiff's claims of debilitating pain.  (Tr. 15-18).   As the ALJ found, no treating or examining physician was of the opinion that Plaintiff was unable to work based on either a physical or mental condition.  (Tr. 15).  Nor, was there any evidence showing Plaintiff

had a disabling functional restriction for basic physical work related activities.  (Tr. 15).  I find

substantial evidence to support the ALJ's credibility determination of Plaintiff and the ALJ

performed a proper analysis of the factors set forth in *Polaski.*

### D. Corroborating Lay Witness Testimony

The Plaintiff argues the ALJ gave an improper evaluation of corroborating lay witness

testimony which came from Plaintiff's wife, Linda Thrist.   The ALJ considered the testimony of

Plaintiff's wife, but found it to be based upon an uncritical acceptance of Plaintiff's complaints, and

to some degree, motivated by the desire to see Plaintiff obtain benefits.  (Tr. 18).  These

considerations are valid factors in assessing lay witness testimony.  *See Hall v. Chater*, 109 F.3d

1255, 1258 (8th Cir. 1997).  I find substantial evidence to support the ALJ's finding that the

testimony of Plaintiff's wife, Linda Thirst, was not persuasive.

### E. Improper Hypothetical to The Vocational Expert

Plaintiff argues the ALJ erred in presenting a flawed hypothetical to the VE because the

hypothetical does not meet the definition of "light work" as defined in Social Security Ruling (SSR)

83-10.  According to SSR 83-10, the ability to perform the full range of light work requires standing

or walking, off and on, for a total of approximately six hours of an eight hour day.

The ALJ found Plaintiff had the RFC for the wide  range of light work activity.  (Tr. 20).  In

his hypothetical to the VE regarding the existence of jobs for a person with similar limitations to

those of the Plaintiff (Tr. 260), the ALJ stated in part:

> that the individual can stand and walk for four hours out of an eight hour workday,
> two hours without interruption, that the individual can sit for a total of four hours out
> of an eight hour work period, two hours without interruption.  .  .

In response to the hypothetical the VE's answered as follows:

> Yes, sir.  In both the, at the light level, he could do any number of your unskilled, light, factory production jobs that allow you to sit or stand, [INAUDIBLE] within those physical limitations he could do these jobs.  Examples are your tapers and your checkers or your backers.  We have over 10,000 in the region, over 100,000 nationally. [INAUDIBLE] functional capacity, Your Honor.  I'm assuming that their definition is ability to function is limited to [INAUDIBLE].

I find error in the hypothetical presented by the ALJ as it is in conflict with the definition of "light work" as set forth by SSR 83-10.  Although the ALJ found Plaintiff capable of performing a wide range of light duty activity, the hypothetical was based on a standard of less than light duty work, but was answered by the VE with jobs included in the light duty level of work.  The hypothetical question posed to a VE must fully set forth Plaintiff's impairments, and testimony based on an improper hypothetical question cannot constitute substantial evidence to support a finding of no disability.  *See Totz v. Sullivan*, 961 F. 2d 727 (8th Cir. 1992).

Further complicating this matter is that multiple parts of the VE's answer are inaudible. While the Court has found the hypothetical to be in error, and reverses on that ground for further proceedings, the lack of a complete and accurate record of the answer by the VE is an additional ground for reversal.

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, the decision of the ALJ denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed.  This matter should be remanded to the Commissioner for further action consistent with this opinion

**ENTERED** this **17th day of September, 2007.**

/s/  Barry A. Bryant
HON.   BARRY  A. BRYANT
U. S. MAGISTRATE JUDGE